# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

AIMIN WEN,

Appellant,

v.

DEPARTMENT OF AGRICULTURE,

Agency.

DOCKET NUMBER
AT-315H-20-0350-I-1

DATE: July 12, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Aimin Wen</u>, Warner Robins, Georgia, pro se.

<u>Lauren M. Goodall</u>, Beltsville, Maryland, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her probationary termination appeal for lack of jurisdiction. On petition for review, the appellant reasserts her claim from below that her termination was motivated by discrimination on the basis of her marital status,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

restates her challenge to the underlying basis for her termination, and argues that she was discriminated against on the basis of her age and national origin. Petition for Review (PFR) File, Tab 1 at 3-4. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The administrative judge correctly found that the appellant failed to nonfrivolously allege that, as an individual serving in her probationary period, she was an "employee" with Board appeal rights under chapter 75, as defined by 5 U.S.C. § 7511(a)(1)(A). Initial Appeal File (IAF), Tab 7, Initial Decision (ID) at 4. He also correctly found that the appellant failed to nonfrivolously allege Board jurisdiction over her probationary termination appeal under the relevant regulatory provisions set forth in 5 C.F.R. §§ 315.805-806. *Id.* Although the appellant reiterates her claim on review that her termination was the result of discrimination based on her marital status, PFR File, Tab 1 at 3, thereby potentially invoking jurisdiction under 5 C.F.R. § 315.806(b), we agree with the administrative judge that her bare assertion of discrimination on that basis is insufficient to rise to the level of a nonfrivolous allegation of jurisdiction, ID at 4.

Regarding the appellant's argument on review concerning discrimination on the basis of age and national origin, PFR File, Tab 1 at 3, she did not raise these arguments below, IAF, Tabs 1, 5. The Board generally will not consider an argument raised for the first time on review absent a showing that it is based on new and material evidence that was not previously available despite the party's due diligence. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016). The appellant has not asserted that these allegations are based on new and material evidence, nor has she explained why she could not raise them below. PFR File, Tab 1 at 3. Even if the appellant had raised this argument below, however, the Board nonetheless cannot consider these claims absent jurisdiction over an otherwise appealable action.[2] *See Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012) (stating that, absent an otherwise appealable action, the Board lacked jurisdiction to consider the appellant's claims of discrimination on the bases of his disability and age).

Additionally, the appellant submits with her petition for review a performance appraisal, a performance plan narrative, and a document evidencing a performance award. PFR File, Tab 1 at 5-9. These documents do not appear to have been submitted into the record below. IAF, Tabs 1, 5. Generally, the Board will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record closed before the administrative judge despite the party's due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). Here, the documents are dated, at the latest, October 2019. PFR File, Tab 1 at 5-9. The appellant did not file her initial appeal until March 6, 2020. IAF, Tab 1. Thus, the documents submitted on review were available below before the record closed, and the appellant has

---

[2] Similarly, the appellant continues to argue the merits of her probationary termination on review. PFR File, Tab 1 at 3-4. The Board has held that the appellant's arguments concerning the merits of her appeal were not relevant to the question of jurisdiction, *see Sapla v. Department of the Navy*, 118 M.S.P.R. 551, ¶ 7 (2012), and thus, these claims are not relevant to our review.

not explained why she was unable to submit them then. PFR File, Tab 1 at 3-4. Moreover, she has not explained how any of the documents are of sufficient weight to warrant an outcome different than that of the initial decision, and thus, they do not provide a basis to grant the petition for review. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board generally will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

### NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          _Gina K. Grippando_

_____

                                        Gina K. Grippando
                                        Clerk of the Board

Washington, D.C.